**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DONALD C. COOPER,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **CIVIL ACTION NO. 05-CV-73392** |
| **vs.** | | **DISTRICT JUDGE PAUL D. BORMAN** |
| **CSX TRANSPORTATION, INC.,** | | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| | **Defendant.** | |

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Plaintiff sued Defendant, his former employer, on September 1, 2005, alleging personal injury because Defendant maintained an unsafe work environment. Plaintiff claims Defendant used unsuitable ballast in its train yards. Defendant filed an Answer on November 3, 2005.

Plaintiff filed the instant Motion to Compel Discovery on April 28, 2006. The parties fully briefed the motion and the Court held an oral hearing on June 5, 2006. Plaintiff's Motion originally sought an order compelling discovery responses to Plaintiff's Interrogatories numbers 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 21, 22, 23, and 24 and Plaintiff's Requests for Production of Documents numbers 4, 7, 8, 9, 10, 11, 12, 13, 16, 17, 22, 23, and 24. At the time of the oral hearing, the parties reported that they had resolved their disagreements with respect to Plaintiff's Interrogatories numbers 5, 9, and 15 and with respect to Defendant's Requests for Production of Documents numbers 4, and 16. Plaintiff's Motion with respect to Interrogatories 5, 9, and 15, Requests for Production of Documents 4 and 16 is accordingly **DENIED** as moot.

Plaintiff worked for Defendant from 1967 to October, 2003 at Defendant's Wixom, Rougemere, Flint, Grand Blanc, Wayne, Port Huron, and Plymouth rail yards. He routinely walked on loose ballast in these rail yards during the course of his employment.

**DISCOVERY STANDARDS**

Under Fed. R. Civ. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible evidence." The determination of "relevance" is within the court's sound discretion. *See e.g.*, *Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992). In applying the discovery rules, "relevance" should be broadly and liberally construed. *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v. Pancucci*, 141 F.R.D. 292, 294 (C.D. Cal. 1992).

**ANALYSIS**

**Interrogatory 6**

Plaintiff's Interrogatory number 6 seeks all complaints or grievances Defendant has ever received from workers concerning walking along Defendant's railroad tracks and ballast. Defendant initially refused to provide any information in response to this Interrogatory objecting that it was overly broad. While Plaintiff's Interrogatory is overly broad it does seek some relevant, non-privileged information. Plaintiff's Motion with respect to Interrogatory number 6 is therefore **GRANTED IN PART AND DENIED IN PART**. Defendant will limit its response to complaints made between 1967 and October 2003 concerning the seven Michigan rail yards at which Plaintiff actually worked.

**Interrogatory 7**

Plaintiff's Interrogatory number 7 seeks  Defendant's policies regarding the use of ballast in or around its rail yards.  Defendant initially responded by referring Plaintiff to regulations that became effective in 1987, 1996, and 1997, but did not state what policy, if any, it maintained regarding rail ballast before 1987, or whether there were other ballast policies or regulations not mentioned in its response.  To the extent that it seeks policies or regulations regarding the use of rail ballast in the seven rail yards in which Plaintiff worked during the period from 1967 to October, 2003, Plaintiff's Interrogatory seeks relevant, non-privileged information.  Plaintiff's Motion is therefore **GRANTED IN PART AND DENIED IN PART** with respect to Interrogatory 7. Defendant will limit its response to the period from 1967 to October 2003 and to the seven rail yards discussed above.

**Interrogatory 8**

Plaintiff's Interrogatory number 8 asks Defendant to describe its ergonomic program, the persons who administer it, and whether the program addresses employee exposure to ballast.  In response, Defendant stated that a consulting ergonomist specialist  was knowledgeable about CSXT's evaluation of job tasks.  This is an inadequate response to Plaintiff's Interrogatory 8. Plaintiff's Interrogatory 8, however, is overly broad to the extent that it seeks information about aspects of Defendant's ergonomic program that have nothing to do with the claimed cause of Plaintiff's injury.  Plaintiff's Motion is therefore **GRANTED IN PART AND DENIED IN PART**. Defendant need only respond regarding those  portions of its ergonomic program, if any,  that have to do with walking on rail ballast.

3

**Interrogatory 11**

Plaintiff's Interrogatory 11 asks whether Defendant ever warned Plaintiff about walking on ballast, and what warnings were given.  In response, Defendant identified that it gave Plaintiff some warnings, but did not describe the content of those warnings or when they were given.  The content and timing of any warnings given to Plaintiff concerning the hazards associated with walking on railroad ballast are relevant non-privileged information.   Plaintiff's Motion to Compel is **GRANTED** with respect to Interrogatory 11.

**Interrogatory 12**

Plaintiff's Interrogatory 12 seeks employee complaints made to Defendant concerning Defendant's motor vehicles.  Plaintiff has neither plead nor offered proof  that his alleged vascular necrosis resulted from his driving, as opposed to walking, on railroad ballast, or that Plaintiff even spent a significant amount of time driving over such railroad ballast.  As such, Plaintiff's Interrogatory seeks information irrelevant to this suit.  Plaintiff's Motion is **DENIED** with respect to Interrogatory 12.

**Interrogatory 13**

Plaintiff's Interrogatory 13 seeks the names of the persons or entities responsible for maintaining the area along the track in Defendant's railroad yards.  In response, Defendant claimed that answering such a request was unduly burdensome.  At the oral hearing, Plaintiff indicated that the purpose of this Interrogatory was to identify the persons responsible for maintaining the railroad ballast Plaintiff worked on so that they could be deposed in connection with this case.  Plaintiff's Motion is **Granted in Part and Denied in Part** with respect to Interrogatory 13.  Defendant will

identify the persons ultimately responsible for the maintenance of the ballast in the seven rail yards in which Plaintiff worked during the years 1993 to 2003.

**Interrogatory 14**

Plaintiff's Interrogatory 14 asks whether Defendant is aware of any statute, industry standard, or regulation relating to the use of railroad ballast in its rail yards. Defendant's response identifies standards issued by the rail industry association AREMA, and points to federal standards identified in its response to Interrogatory 7. Defendant's response is adequate. Plaintiff's Motion is therefore **DENIED** with respect to Interrogatory 14.

**Interrogatories 21, 22, and 24**

Plaintiff's Interrogatories 21, 22, and 24 ask Defendant to identify any studies and risk factors regarding a connection between walking on railroad ballast and trauma disorders or overuse syndromes, and to provide the names of any employees who currently suffer from cumulative trauma disorders or hip pathology. Defendant initially responded these Interrogatories were overly broad, and that it was not aware of any "authoritative" studies regarding a risk posed by repetitive walking on ballast. Plaintiff's Interrogatories 21, 22 and 24 are overly broad in that they seek irrelevant information in the form of medical studies that do not pertain to the type of injuries Plaintiff alleges to have suffered. However, the Interrogatories also seek some relevant information, and Defendant's responses are not adequate. Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** with respect to Interrogatories 21, 22, and 24. Defendant will respond to the Interrogatories with information regarding any known studies purporting to link walking on railroad ballast with hip conditions, any risk factors correlating walking on railroad ballast to hip pathology,

5

and Defendant will identify employees known to Defendant to have developed hip pathologies from 1981 to the present from walking on railroad ballast.

**Interrogatory 23**

Plaintiff's Interrogatory 23 seeks information regarding any subsequent remedial measures taken by Plaintiff.  As discussed on the record during the hearing, Defendant's response, taken together with other records produced in connection with other discovery requests in this case, adequately answers Plaintiff's Interrogatory.  Plaintiff's Motion is **DENIED** with respect to Interrogatory 23.

**Requests for Production of Documents 7 and 8 (ORPHAN)**

Plaintiff's Request for Production of Documents 7 seeks all complaints and grievances filed by any of Defendant's employees concerning the condition of any of Defendant's rail yards. Plaintiff's Request for Production of Documents 8 asks for any complaint concerning walking on or driving on Ballast.  Requests 7 and 8 are overly broad and Plaintiff's Motion is therefore **DENIED** with respect to those Requests.

**Request for Production of Documents 9**

Plaintiff's Request for Production of Documents number 9 seeks Defendant's instructions, safety policies, or other written materials.  As written, Plaintiff's Request to Produce is overly broad, but does seek some relevant information.   Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** with respect to Request 9.  Defendant will provide instructions, safety policies, and other written materials regarding walking on or in rail yards which were issued or in force during the dates of Plaintiff's employment with Defendant.

**Request for Production of Documents 10**

Plaintiff's Request for Production of Documents number 10 seeks any rule, regulation, or directive concerning the use of ballast in Defendant's yards.  Defendant responded by directing Plaintiff to government issued rules and regulations regarding the use railroad ballast.  Defendant did not identify any internal regulations or directives regarding the use of ballast.  Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** with respect to Request 10.  Defendant will supplement its response by listing regulations or directives regarding the use of mainline and yard ballast applicable to the seven rail yards in which Plaintiff worked during the period of Plaintiff's employment.

**Request for Production of Documents 11**

Request for Production of Documents number 11 seeks any industry standards regarding the use of ballast in rail yards and along railroad tracks.  Defendant's response identified standards propagated by the American Railway Engineering and Maintenance of Way Association, but Defendant did not produce these standards.  Plaintiff's Motion is **GRANTED** with respect to Request 11, and Defendant will produce the applicable AREMA standards in accordance with the Federal Rules of Civil Procedure.

**Request for Production of Documents 12**

Plaintiff's Request for Production of Documents number 12 seeks documents identifying or describing Defendant's ergonomic program.  Defendant responded by referring Plaintiff to Defendant's "general safety rules."  Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** with respect to Request 12.  Defendant will produce any documents pertaining to any portion of its ergonomic program that addresses in any way the issue of walking on railroad ballast.

7

**Request for Production of Documents 13**

Plaintiff's Request for Production of Documents number 13 seeks studies, reports, and documents regarding the exposure of railroad employees to ballast.  Plaintiff's Request is overly broad, and Plaintiff's Motion is therefore **GRANTED IN PART AND DENIED IN PART** with respect to Request 12.  Defendant will produce any known published studies, reports, or documents regarding the exposure of railroad employees to ballast.

**Request for Production of Documents 17**

Plaintiff's Request for Production of Documents number 17 seeks repair records for Chevy trucks operated in Defendant's Flint and Rougemere yards in the last ten years.  As discussed on the record during the hearing, Plaintiff has not yet shown that truck maintenance records are relevant to his claimed injuries.  Plaintiff's Motion is therefore **DENIED** with respect to Request 17.

**Request for Production of Documents 22 (ORPHAN)**

Plaintiff's Request for Production of Documents number 22 seeks Defendant's Maintenance of Way Instructions Manual.  Plaintiff's Request is overly broad.  However, to the extent that it does seek relevant evidence, that evidence would have  already been produced in response to previous discovery requests.  Plaintiff's Motion is therefore **DENIED** with respect to Interrogatory 22 at this time, and Defendant need only refer Plaintiff to the discovery previously produced.

**Request for Production of Documents 23**

Plaintiff's Request for Production of Documents number 23 seeks warnings given to Plaintiff regarding the risks associated with walking on ballast.  Plaintiff's Motion is **GRANTED** with respect to Request for Production of Documents 23.

**Request for Production of Documents 24**

Plaintiff's Request for Production of Documents number 24 seeks warnings  given to Plaintiff  regarding any potential risks of driving over ballast.  As discussed above and during the oral hearing, Plaintiff has not yet shown that driving risks and hazards are relevant to his claimed injury.  Plaintiff's Motion is **DENIED** with respect to Request 24.

**IT IS SO ORDERED**

**Notice to Parties Regarding Objections**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: July 06, 2006                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE




**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 06, 2006                    s/ Lisa C. Bartlett
                                        Courtroom Deputy

9